## NOVEMBER TERM, 1891. 573

Grimes v. The Louisville, New Albany and Chicago Railway Company.

---

### No. 451.

### GRIMES v. THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

NEGLIGENCE.—*Proximate Cause.*—*Liability.*—Where two causes combine to produce an injury, both of which causes are proximate in their character, the one being the result of culpable negligence, and the other an occurrence as to which neither party is at fault, the negligent party is liable, provided the injury would not have been sustained but for such negligence.

RAILROAD.—*Obstruction of Highway.*—*Injury to Runaway Horse.*—*Liability.*—Where a railroad company leaves its cars standing in a public highway in violation of sections 1964 and 2170, R. S. 1881, and a horse, through fright, without the fault of the driver, becomes uncontrollable and runs away, and in attempting to leap through one of the spaces between the coupled cars is killed, the company is liable.

From the Montgomery Circuit Court.

*J. Wright* and *J. M. Seller*, for appellant.

*E. C. Field* and *A. D. Thomas*, for appellee.

NEW, J.—The appellant was the plaintiff below. The complaint, the caption omitted, is as follows:

" The plaintiff complains of the defendant, and says that defendant is a railroad corporation, duly organized and incorporated under the laws of the State of Indiana; that as such corporation it is the owner of a line of railroad running through the State of Indiana, and is known and desig-

nated by the corporate name of the Louisville, New Albany and Chicago Railway Company; that defendant's line of railroad runs through the town of Ladoga, which is one of the stations where defendant has one of its regular stopping places, where its trains receive and deposit freight and passengers, said town being situate in Montgomery county, Indiana; that on or about the 9th day of June, 1890, defendant, by its servants, agents and employees, had under their care, control and management a certain locomotive engine, and train of freight cars, which said agents and employees were then and there running and managing upon defendant's railroad track in said town of Ladoga; that said servants and agents of defendant carelessly and negligently stopped and left said train of freight cars coupled together and standing upon and extending across the entire width of Elm street, one of the regularly laid out and public streets of said town, which said street crosses the track and right of way of defendant's railroad at about a right angle; that said street is a public street, and one that is much used by the residents of said town and by the public generally; that defendant's servants, agents and employees negligently and carelessly left said train standing across the entire width of said street for an unreasonable length of time, to wit, forty minutes; that said train was left standing across the street in such manner as to entirely stop and deprive the public of the use of said street; that said servants, agents and employees detached the locomotive from said train and were using it upon the side track of the defendant's railroad in making up trains for distributing and receiving freights; that after said train of cars had been so standing across said street forty minutes, plaintiff's son and servant, Alvin B. Grimes, who is a good and careful horseman, was driving plaintiff's horse out of his barn lot, which said lot fronts on said Elm street, and situate at a point about 250 feet east of the point where said train of cars was so standing across said street; that plaintiff's horse became frightened and un-

manageable, and without any fault or negligence on behalf of plaintiff, or his said servant, started to run away and did break loose from plaintiff's servant and run away, and ran out on said Elm street, it being the direction that the horse had generally been driven, and being the most direct street from plaintiff's said barn to town, and to plaintiff's place of business; that while said horse was so running he ran up to where said train was standing across said street, and in attempting to jump through between two of defendant's cars thus standing in said train, and across said street, struck the end of one of the cars with such force that he was so badly bruised and mangled that he died within a few hours; that the death of plaintiff's horse was caused wholly by the said negligence of said agents and servants, and wholly without fault by plaintiff or his said servant; that said horse was of the value of three hundred dollars; that plaintiff has been damaged in the sum of three hundred dollars, for which he demands judgment."

The appellee demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, and the appellant electing to stand by his complaint, judgment was rendered in favor of the appellee for costs.

The ruling of the court below upon the demurrer to the complaint is assigned as error by the appellant, and this raises the only question presented for our decision.

The obstruction of a public highway, or street, such as is charged in the appellant's complaint, is expressly forbidden by the statute. See sections 1964 and 2170, R. S. 1881.

The act of the appellee in permitting its freight train and cars to be and remain upon and across the street named in the complaint, as therein alleged, was an unlawful act, and it is sufficiently charged in the complaint that this act or obstruction was occasioned by the appellee's negligence.

It is averred in the complaint that the injury and death of the horse was without fault or negligence on the part of

the appellant, and we do not think that the facts specially pleaded impeach this averment.

The contention of counsel for the appellant is that the latter had nothing to do with the frightening of the appellant's horse; had not negligently set in motion the train of circumstances that led up to the killing of the horse, and that, therefore, the appellee is not liable.

The theory of the appellee, in effect, is that if it did not frighten the horse there is no liability, even though the injury and death of the horse would not have happened but for the unlawful act of the appellee.

We do not think this proposition is sound. The weight of authority and reason is against it.

In our opinion the true rule is that where two causes combine to produce an injury, such as is here charged and complained of, both of which causes are proximate in their character, the one being the result of culpable negligence, and the other an occurrence as to which neither party is at fault, the negligent party is liable, provided the injury would not have been sustained but for such negligence.

This rule was applied by this court and authorities produced in support of it, in the case of *Board, etc.*, v. *Sisson*, 2 Ind. App. 311. In that case were cited *Ring* v. *City of Cohoes*, 77 N. Y. 83 ; *Ivory* v. *Town of Deerpark*, 116 N. Y. 476 ; *City of Atlanta* v. *Wilson*, 59 Ga. 544 ; *Wilson* v. *City of Atlanta*, 60 Ga. 473. Many other cases could have been cited to the same effect, among which are the following : *Baldwin* v. *Greenwoods T. P. Co.*, 40 Conn. 238 ; *Ward* v. *Town of North Haven*, 43 Conn. 148 ; *Hunt* v. *Town of Pownal*, 9 Vt. 411 ; *Kelsey* v. *Town of Glover*, 15 Vt. 708 ; *Winship* v. *Enfield*, 42 N. H. 197 ; *Burrell Tp.* v. *Uncapher*, 117 Pa. St. 353 ; *Township of Plymouth* v. *Garver*, 125 Pa. St. 24 ; *Bassett* v. *City of St. Joseph*, 53 Mo. 290 ; *Hull* v. *Kansas City*, 54 Mo. 598 ; *City of Rockford* v. *Russell*, 9 Ill. App. 229 ; *Manderschid* v. *City of Dubuque*, 25 Iowa, 108 ; *Sher-*

*wood* v. *Corporation of the City of Hamilton*, 37 U. C. (Q. B.) 410.

In *City of Crawfordsville* v. *Smith*, 79 Ind. 308, this rule was approved and followed. See, also, *White Sewing Machine Co.* v. *Richter*, 2 Ind. App. 331.

In some of the States, notably in Maine and Massachusetts, it is held that where a horse becomes frightened from some cause, not the fault of the municipality for example, and breaks away from and gets beyond the control of the driver, and is injured by coming in contact with some obstruction or defect in the street, there will be no liability on the part of the municipality. The cases so holding treat the conduct of the horse as the primary cause of the injury ; that there are two independent proximate causes, the primary cause being one for which the corporation is not responsible, and for which the injured party himself is not to blame, and the other a defect in the street or highway ; that upon such a state of facts it can not be said that the accident would have taken place but for the primary cause, and that therefore the municipality should not be held liable.

On the other hand, it is contended that most injuries arising from the negligence of the party complained of are necessarily preceded by some action of the injured party leading up to the catastrophe, and in a certain sense contributing to it, but that if the action of the injured party, which led up, so to speak, to the injury, was not the result of want of reasonable care on his part, he should be allowed to recover, provided the injury would not have been sustained but for the negligence of the other party ; that the party committing the injury should not be heard to say that, although the immediate cause thereof was his own negligent or illegal act, the person injured thereby should not recover, simply because but for some other occurrence for which neither was responsible, the injury would not have been received ; that the presumption should be in favor of the party who is with-

out blame as against one who is in immediate fault, although but for causes originating in some sense with the former, but which he could not master and control, the injury would not have happened.

This is a reasonable rule, and, as has been seen, is supported by abundant authority. This doctrine in no respect conflicts with the well settled rule that requires a plaintiff to be free from negligence proximately contributing to the injury inflicted and sued for.

It will be found upon an examination of the authorities we have cited that some of them were cases where horses through fright had become uncontrollable, and ran away, and where the municipality or corporation sued was unconnected with the cause of the fright, but was held liable because its negligence was the immediate cause of the injury. When, without fault on the part of the driver or person in charge, a horse becomes uncontrollable, and runs away, it is regarded as an accidental occurrence for which such person is not responsible, and which, therefore, can not be imputed to him as a fault or contributory negligence. This is plainly laid down in the cases to which we have referred.

We think these principles apply with full force to the case at bar. The appellee's train was being used as an unlawful obstruction to the street when the horse came in contact with it. The demurrer to the complaint admits that the appellant was without fault. The train of cars, coupled together, was stationary upon and extending across the entire middle of the street, the locomotive detached therefrom, and the train had been so standing forty minutes when the horse was injured. A space of sixty feet across the street had not been left by the appellee, as required by section 2170, *supra*, nor was there any space, except the openings between the cars as they stood coupled together. The appellee was negligent in not discharging the duty resting upon it in this respect, and is liable to the appellant for damages arising as a direct consequence of that negligence, if the latter was free

from contributory fault. *Pittsburgh, etc., R. R. Co.* v. *Kitley,* 118 Ind. 152; *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160; *Young* v. *Detroit, etc., R. W. Co.,* 56 Mich. 430.

The horse in his flight attempted to leap through one of the spaces between the coupled cars, and struck the end of one of the cars with such force as to cause his death. We can not say that this leap of the horse, and the consequences resulting therefrom, were so unnatural and unusual, that the unlawful and negligent act of the appellee shall not be regarded as the proximate cause of the injury. It was not necessary that the precise injury which in fact did occur should have been foreseen; it is sufficient if it was to be reasonable expected that injury might occur to some person engaged in exercising a legal right in an ordinarily careful manner. *Bloom* v. *Franklin Life. Ins. Co.,* 97 Ind. 478; *Louisville, etc., R. W. Co.* v. *Lucas,* 119 Ind. 583; *Billman* v. *Indianapolis, etc., R. R. Co.,* 76 Ind. 166; *Ohio, etc.,R. W. Co.* v. *Trowbridge,* 126 Ind. 391; *Chicago, etc., R. R. Co.* v. *Barnes,* 2 Ind. App. 213.

The judgment is reversed, with instructions to overrule the demurrer to the complaint.

Filed Feb. 16, 1892.