Filed June 21, 1894.

---

No. 899.

REID *v.* EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

RAILROAD.—*Common Carrier.—Insurer.—Contract.*—Railroad companies that undertake to carry freight for hire are insurers, and, in the absence of any stipulation to the contrary in the contract of carriage, are liable, except only when the failure to deliver occurs through the act of God or the public enemy.

SAME.—*Negligence.—Contract Limiting Liability.—Loss by Fire.—Burden of Proof.*—While a carrier can not by special contract exonerate itself from the consequences of its negligence, it may thus restrict its liability; and where fire, not occurring through the carrier's fault, is a casualty against which it has contracted, and a loss to goods results from fire, the burden is upon the owner to show that the loss is attributable to the negligent act of the carrier.

SAME.—*Delay in Forwarding.—Fire Communicated from Adjacent Build-*

Reid v. Evansville and Terre Haute Railroad Company.

ing.—*Proximate Cause.*—Where a railroad company, which has contracted against liability for loss by fire, negligently delays to forward a car load of goods, and the same, while standing upon the track, is destroyed by fire communicated from a burning building, the carrier is liable if its negligence is the proximate cause of the loss.

SAME.—*Delay in Forwarding Loaded Car.—Burning of Car.—Fire Must be Caused by Carrier's Negligence.*—Where a carrier has contracted against liability for loss by fire, its negligence in failing to forward a car loaded with the shipper's goods will not render it liable, where the goods are destroyed by a fire communicated from the burning of a building situated near the track on which the car is standing, unless it be shown that the fire was caused by the carrier's negligence.

SAME.—*What is Proximate Cause.—Intervening Efficient Cause.*—Where the injury follows the negligence in unbroken sequence, without an intervening efficient cause, even though the defendant could not have foreseen the particular result, the latter will be liable if he could reasonably have anticipated some injurious consequence; but it is otherwise if there be an intervening efficient cause in itself sufficient to break the causal connection between the original wrong and the injury.

SAME.—*When a Negligent Act is the Proximate Cause.—Unusual Consequences.*—Where an injury results from the negligent act or omission of a defendant, such act or omission will be deemed the proximate cause, unless the consequences are so unnatural and unusual that they could not, by the highest practical care, have been foreseen and provided against.

From the Sullivan Circuit Court.

*J. S. Bays*, for appellant.

*J. E. Iglehart, E. Taylor* and *J. T. Hays*, for appellee.

REINHARD, J.—This action was instituted by the appellant against the appellee to recover the value of a car load of flour, which, it was alleged in the complaint, was delivered by the appellant to the appellee and received by the latter as a common carrier for shipment, but was, by the negligent delay of the appellee in transporting the same, destroyed by fire.

The complaint was in two paragraphs, each declaring upon the contract contained in the bill of lading.

Upon issues joined, the cause was tried by a jury and a special verdict was returned, upon which, over appellant's objection and exception and over his motion for judgment in his favor, the court rendered judgment for the appellee.

The principal question presented for our consideration and determination is whether, upon the facts found, the appellee or the appellant was entitled to a judgment.

The first paragraph of the complaint, after setting out the contract, the delivery and loading of the flour upon the car, the favorable condition of the road, and other facts from which it appeared that it was the duty of the appellee to transport the goods not later than the 25th day of September, 1891, charges,—"that said company, without the knowledge or consent of plaintiff, and without fault on his part, carelessly and negligently permitted said car to remain upon their side track or switch in said town of Sullivan until the morning of the 26th day of September, 1891, when the same was totally destroyed by fire communicated to it by burning buildings standing near said track; * * * that by reason of defendant's carelessly and negligently leaving said car of flour standing exposed upon its track until it was destroyed by fire, plaintiff has been damaged in the sum of $1,000."

There is nothing in this paragraph to show when or how the fire originated, or that it was by the fault or negligence of the appellee. Nor is it averred in this paragraph that the car containing the flour was, by the negligence of appellee, left in a position in which it was exposed to the hazard of the fire, and that the danger was such as must have been anticipated or apprehended.

Assuming that negligence in forwarding is properly averred, we think this constitutes the gist of the action, there being no direct averment of a failure to deliver, and the bill of lading containing a stipulation to

the effect that the company should not be liable for damages by fire.

The second paragraph charges, besides a failure to deliver, the negligent delay of appellee to forward the goods, and also negligence in failing to remove the car to a place without the range of the fire after the same had broken out, and the destruction of the flour by reason of the negligence alleged.

A copy of the bill of lading, containing, of course, the same stipulation of appellee's nonliability for damages from fire, is filed as an exhibit with the second paragraph also.

Assuming that all questions discussed in the appellant's brief are properly presented, we proceed to determine whether the facts found disclose any liability for which the appellant is entitled to recover.

Railroad companies that undertake to carry freight for hire are insurers of the goods which they engage to transport, and in the absence of any stipulation in the contract of carriage, they are exempt from liability only when the failure to deliver occurs through the act of God or the public enemy. As we said in another case: "The carrier is an insurer of the goods. All the presumptions are against it until it has shown that by some act of the owner, or some unavoidable accident, it was prevented from performing its contract." *Toledo, etc., R. R. Co.* v. *Tapp*, 6 Ind. App. 304.

A carrier, may, however, restrict its liability by special contract, but it can not thus exonerate itself from the consequences of its own negligence. But when in such a case negligence is relied upon by the owner, and it is shown that the loss happened from one of the excepted causes, the burden is on the owner to prove the negligence. Fire, not occurring through the carrier's fault, is a casualty against which it may protect itself

Reid *v.* Evansville and Terre Haute Railroad Company.

by contract, and hence when there is such a contract, and it is shown that the injury resulted from fire, it devolves upon the owner to show that the damages occasioned by the fire are attributable to the negligent act of the carrier. *Indianapolis, etc., R. W. Co.* v. *Forsythe,* 4 Ind. App. 326; *Transportation Co.* v. *Downer,* 11 Wall. 129; *Cochran* v. *Dinsmore,* 49 N. Y. 249; *Whitworth* v. *Erie R. W.Co.,* 6 Am. and Eng. R. R.Cas. 349; *Little Rock, etc., R. W. Co.* v. *Talbot,* 39 Ark. 523; 18 Am. and Eng. R. R. Cas. 602; Hutch. Carriers (2d ed.), 259 *a.*

The author just named says: "Where the loss happens from an accepted cause, as from fire, the burden of proving the carrier's negligence is, by weight of authority, upon the plaintiff."

We assume that it is disclosed by the special verdict, that the conditions were such as required the appellee to forward the car load of flour, and that the failure to do so was negligence. If, therefore, this negligence was the proximate cause of the destruction of the goods, the appellant has shown a liability on the part of appellee, for which the latter must respond in damages. It is contended, however, by appellee's counsel, that such delay was not the proximate cause of the loss, and that there is, therefore, no liability.

As we have shown, the action is upon the contract, and if the complaint proceeded upon the theory of a breach in the failure to deliver the goods as stipulated, a *prima facie* case would be made against the company. But the complaint goes further, and ascribes the loss to the negligence of the appellee in delaying the transportation, and the consequent destruction of the goods by fire. This allegation must be proved as fully as it is laid.

It appears from the facts found that a fire occurred on the morning of September 26th, 1891, in some old building, or warehouse, situated about fifty feet from where

Reid *v.* Evansville and Terre Haute Railroad Company.

the car in question was standing on the switch of appellee's track, which fire spread to the car and destroyed appellant's flour therein contained.   It further appears that the building was filled with baled hay and other combustible material; but how the fire originated, whether by spontaneous combustion or from the sparks of a locomotive engine of the appellee, or whether it was the act of an incendiary, the verdict does not disclose.  Nor is there anything in the special verdict showing that the appellee might, by reasonable exertions, have saved the appellant's goods from destruction, after the fire broke out, by removing the car beyond its reach.

Whether a cause is proximate or remote, from a legal point of view, is a question the solution of which is often fraught with much difficulty.   In a standard work of much merit, proximate cause is defined as "that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which that result would not have occurred."   16 Am. and Eng. Encyc. of Law, 436.

It has often been held by our Supreme Court, and the doctrine is in full accord with our views, that it is not every intervening agency that shields the wrongdoer from responsibility where an injury results from his wrongful act.   *Billman* v. *Indianapolis, etc., R. R. Co.,* 76 Ind. 166; *City of Crawfordsville* v. *Smith,* 79 Ind. 308; *Terre Haute, etc., R. R. Co.* v. *Buck, Admx.,* 96 Ind. 346; *Louisville, etc., R. W. Co.* v. *Nitsche,* 126 Ind. 229; *Ohio, etc., R. W. Co.* v. *Trowbridge,* 126 Ind. 391.

It has also been decided by this court that where an injury is attributable to two causes, both proximate, one the result of negligence and the other not, and the injury would not have occurred but for the negligent act, the party who is guilty of the negligent act or omission, will be held liable.   *Grimes* v. *Louisville, etc., R. W.*

Co., 3 Ind. App. 573; *Board, etc.,* v. *Sisson,* 2 Ind. App. 311.

This is but another mode of stating the rule that "where an injury is the combined result of the negligence of the defendant, and an accident for which neither the plaintiff nor the defendant is responsible, the defendant must pay damages, unless the injury would have happened if he had not been negligent." 2 Thomp. Neg., section 1085.

The point must not be lost sight of, however, that where two causes combine to produce an injury, both must be proximate, or, to speak more properly, perhaps, the negligent cause must be proximate to create liability, whether the innocent one is so or not.

The only conclusion we now wish to deduce from the foregoing propositions is that whether the act complained of was, in legal contemplation, the proximate or remote cause of the injury does not depend entirely upon its having been the mediate or immediate source of such injury, as proximity, in point of time, is not necessarily decisive of the question as to what was the proximate cause.

On the other hand, it must be admitted, we think, that the law is not so rigorous in its demands as to hold a wrongdoer responsible for every consequence flowing from his wrongful act; but it is only the usual and natural consequences for which he is answerable. If the injury be traceable, through the chain of natural causation, directly to the act complained of, no matter what may have been the intervening conditions or occasions, such act will be deemed the proximate cause.

As is well said by Agnew, J., in *Fleming* v. *Beck,* 48 Pa. St. 309 (313): "In strict logic it may be said that he who is the cause of loss, should be answerable for all the losses which flow from his causation. But in the

practical workings of society, the law finds, in this as in a great variety of other matters, that the rule of logic is impracticable and unjust.    The general conduct and the reflections of mankind are not founded upon nice casuistry.    Things are thought and acted upon rather in a general way than upon long, laborious, extended and trained investigation.    Among the masses of mankind, conclusions are generally the results of hasty and partial reflection.    Their understandings, therefore, must be construed in view of these facts; otherwise they would often be run into a chain of consequences wholly foreign to their intentions.    In the ordinary callings and business of life, failures are frequent.    Few, indeed, always come up to a proper standard of performance, whether in relation of time, quality, degree or kind.    To visit upon them *all* the consequences of failure, would set society upon edge, and fill the courts with useless and injurious litigation.    It is impossible to compensate for all losses; and the law therefore aims at a just discrimination, which will impose upon the party causing them the proportion of them that a proper view of his acts and the attending circumstances would dictate.''

In the case before us, the negligence relied upon is the delay of the appellee in forwarding the appellant's goods. The destruction of the appellant's flour was undoubtedly one of the consequences of the appellee's negligence. But it is not every consequence of such delay for which it will be held responsible.    A passenger train may be late, according to its schedule time, in starting from a given station.    The delay may be attributable to the negligence of the company's servants.

By reason of the delay in starting, a passenger on the train is injured by the accidental discharge of a gun in the hands of a bystander.    This injury would not have occurred but for the lateness of the train in starting.

The delay in starting the train was negligence, but can it be said that the railroad company must, under these circumstances, answer in damages for the injury? If the company is not liable in the case supposed, it must be for the reason that the negligent delay in starting the train was not the proximate cause of the injury. It is not enough that such injury be one of the numerous links in the chain of consequences that may flow from the wrongful act. The result must be a natural one, and one that might have been reasonably anticipated.

In the supposed case there is not only an intervening agency, proximate in point of time, but it is such an agency as was sufficient to break the causal connection between the original act of misfeasance and the injury.

As we said in another case: "It is not every tortious act that makes the perpetrator liable in damages if injury occurs, even if such injury is, in some sense, produced or influenced by it. If in any such case some other power or force, beyond the control of the original actor, may be justly said to constitute the more direct cause, and the result following the primary cause was extraordinary, unusual, or unnatural, and the consequences for which damages are claimed were not such as might have been reasonably anticipated, the first cause will be considered too remote to be taken in law as the proximate or efficient one." *Davis* v. *Williams*, 4 Ind. App. 487.

Of course, we do not wish to be understood as deciding that the identical consequences must, in all cases, have been foreseen by the wrongdoer, in order to make him liable.

If the consequence complained of followed in unbroken sequence, without an intervening efficient cause, even though the defendant could not have foreseen the particular result, he will be liable, if he could reasonably

have anticipated *some* injurious consequences. It is otherwise, however, where there is an intervening efficient cause, in itself sufficient to break the causal connection between the original wrong and the injury.

On the subject of probable and remote cause, see Bishop-Non Cont. Law, sections 40-48; 454-457.

In the case under consideration the facts found specially do not show that the injury occurred from any intervening cause that might have been reasonably anticipated or apprehended, any more than in the imaginary case of the injury to the passenger from the discharge of the gun. For aught that appears in the special verdict, the fire in the warehouse may have occurred from precisely such a cause as the one in the supposed case. Had it been shown that it originated either from sparks emitted by the appellee's locomotive, or from inflammable sources in the building, the case might be different, as such an occurrence might have been apprehended.

When it was shown that an injury from fire was a casualty for which the appellee, by its contract, was not liable, unless it occurred through the appellee's own negligence, the burden fell upon the appellant to show that the appellee's negligence caused the fire. The appellant having the burden of the issue upon this point, and there being no finding upon it, the presumption must attach that the fire originated from some cause other than the negligence of the appellee. The mere negligent omission of the appellee's duty in the transportation of the goods at an earlier period will not establish negligence in the origin of the fire.

What is the natural sequence of an act of negligence, has been the source of serious differences among judges and text-writers.

Upon the question as to whether a carrier is liable in damages who, by negligent delay, exposes goods in

transit to injury by the act of God or other cause for which he is not responsible, and which he could not naturally foresee, the courts of Pennsylvania, Massachusetts, Ohio, Iowa, Nebraska, and, perhaps, other State courts, as well as the Supreme Court of the United States, hold that in such cases no liability attaches, although the injury would not have occurred but for the delay; while in the courts of New York, New Hampshire and Missouri the opposite doctrine is maintained. See Shear. and Redf. on Negl., section 40, and cases cited.

The precise question here in dispute does not appear to have been decided by our Supreme Court.

The principle upon which we base our conclusion, however, has been repeatedly recognized by that tribunal, and nothing of a contrary nature has been declared. Thus, in *Alexander* v. *Town of New Castle*, 115 Ind. 51, it was held that the municipality was not liable in damages for negligently leaving open a pit in a street into which one in charge of a prisoner was thrown by the latter, in an attempt to escape, and from which an injury was sustained, such negligence not being the proximate cause of the injury.

In *Kistner, Exx.*, v. *City of Indianapolis*, 100 Ind. 210, the action was for negligence on the part of the Union Railway Company in failing to provide and maintain suitable protection and safeguards at the point of crossing where the injury occurred, the deceased having been struck by a wagon endeavoring to avoid a moving train. It was held that the proximate cause of the decedent's death was the act of the driver of the wagon, and that the negligence of the Union Railway Company was not the proximate cause of such death. See, also, *Spencer* v. *Ohio, etc., R. W. Co.*, 130 Ind. 181; *Pennsylvania Co.* v.

*Congdon,* 134 Ind. 226, and the cases cited in *Davis* v. *Williams, supra.*

We are referred, by the appellant's learned counsel, to the case of *Toledo, etc., R. R. Co.* v. *Tapp, supra,* as declaring a doctrine at variance with that here followed. But there is no analogy between the cases upon the question here involved. The case cited was an action for damages for the breach of the carrier's common law duty in failing to forward and deliver the baggage of the plaintiff, who was a passenger. By reason of the refusal to deliver the baggage after it had arrived, it was destroyed by fire with the warehouse or depot in which it had been locked up against the protest of the passenger. There the action was not upon the contract of shipment. Had the carrier shown that the fire originated from the act of God or some other excusable cause, it would not have been liable. Its failure to establish this, or any other fact proving freedom from negligence, was held to justify the court in rendering judgment upon the special verdict of the jury, and properly so, we think; while in the case at bar the plaintiff's failure to establish that the fire resulted from the negligence of the carrier must be held to authorize the court to render judgment in favor of the appellee.

We think the proper statement of the rule that should govern in such cases as this, and certainly as favorable as it could be made upon the appellant's case, is that if injury resulted from the negligent act or omission of the defendant, such act or omission will be deemed the proximate cause, unless the consequences were so unnatural and unusual that they could not, by the highest practical care, have been foreseen, and consequently provided against. *Louisville, etc., R. W. Co.* v. *Lucas,* 119 Ind. 583.

Under the rule thus stated, the facts found fail to make

a case for the appellant. If the real cause of his loss, viz, the fire, was the result of negligence, he should pursue the remedy the law gives him against the culpable party. If the fire sprang from an innocent cause, and he has no remedy, the appellee should not, on this account, be made to suffer. While the rule may work a hardship in a particular case, this would be no justification for bending or relaxing it, and thus entailing greater hardships in other cases.

The court committed no error in rendering judgment upon the verdict in favor of the appellee.

Judgment affirmed.

Filed Dec. 15, 1893; petition for a rehearing overruled June 22, 1894.