# HAMMOND, ADMINISTRATOR, *v.* KINGAN & COMPANY, LIMITED, ET AL.

### [No. 7,835.   Filed April 4, 1913.]

1. APPEAL.—*Review.—Motion for Judgment on Verdict.—Answers to Interrogatories.*—Questions arising on the action of the trial court in overruling a motion for judgment on the verdict, and in rendering judgment on the answers to interrogatories, involve a consideration of the issues presented by the pleadings, the interrogatories and the general verdict.   p. 254.

2. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.—Control.*—A general verdict will control as against the jury's answers to interrogatories, if the latter can be reconciled therewith upon any supposable state of facts provable within the issues formed by the pleadings.   p. 254.

3. TRIAL.—*Verdict.—Scope.*—A general verdict for plaintiff is a finding in his favor upon every material allegation of the paragraph of complaint on which such verdict rests.   p. 255.

4. MASTER AND SERVANT.—*Injury to Servant.—Proximate Cause.—Assumption of Risk.*—Although the jury's answers to interrogatories show that plaintiff's decedent, whose death is alleged to have been caused by slipping on a greasy floor and thereby coming in contact with a defectively insulated electrical appliance, knew of the dangerous condition of the floor and had assumed the risk of all injuries of which such condition was the sole proximate cause, a recovery is not thereby barred, since if his death resulted proximately from another cause for which defendant's negligence was responsible, he cannot be deemed to have assumed the risk of injury from that source in the absence of knowledge of the danger to which such negligence exposed him.   pp. 255, 257.

5. MASTER AND SERVANT.—*Injury to Servant.—Proximate Cause.*—Where the complaint in an action for death of a servant charged defendant with negligence in permitting the floor where decedent was required to work to become slippery, and in installing and operating a motor with uninsulated binding posts in close proximity to decedent's working place, and alleged that decedent's death was caused by a current of electricity communicated to his body from such binding posts, with which he came in contact by falling, and that the fall was caused by the slippery condition of the floor, a verdict for plaintiff is a finding that the two conditions of decedent's working place existed as alleged and were due to defendant's negligence, and that such conditions were the combined proximate cause of the death.   pp. 256, 258.

Hammond *v.* Kingan & Co.—53 Ind. App. 252.

6. NEGLIGENCE.—*Proximate Cause.—Concurring Causes.—Liability* —Where two causes combine and proximately concur in producing an injury, the party at fault for one of such causes will be held liable, provided the injury would not have occurred in the absence of such fault. p. 257.

7. MASTER AND SERVANT.—*Injury to Servants.—Assumption of Risk.—Negligence of Fellow Servant.*—A servant assumes the risk of injury resulting from the negligence of a fellow servant, but where the negligence of a fellow servant coöperates with the negligence of the master in producing the injury the master is liable. p. 258.

8. MASTER AND SERVANT.—*Injury to Servant.—Verdict.—Answers to Interrogatories.*—Where the complaint alleged that plaintiff's decedent fell upon a floor negligently maintained in a slippery condition, whereby he came in contact with the binding posts of an electric motor negligently maintained in an uninsulated condition, and was killed, answers by the jury to interrogatories showing that the death was proximately due to the slippery floor, but not showing that such was the sole cause, are not in irreconcilable conflict with a verdict for plaintiff on the theory that decedent had assumed the risk incident to the defective condition of the floor. p. 258.

From Marion Circuit Court (17,936); *Charles Remster,* Judge.

Action by George Hammond, administrator of the estate of John Whitely, deceased, against Kingan & Company, Limited, and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Salem D. Clark, Frank S. Roby, Ward H. Watson* and *E. W. Little,* for appellant.

*Miller, Shirley, Miller & Thompson,* for appellees.

LAIRY, J.—Appellant's decedent was employed by appellee in its packing house as a meat cutter, and while so employed was killed by coming in contact with the uninsulated terminals of a motor located in the plant of appellee and used to operate a saw. The case was tried by a jury which returned a general verdict in favor of appellant. The court submitted to the jury a number of interrogatories which were answered and returned with the general verdict. Ap-

pellant made a motion for a judgment in his favor on the general verdict which motion was overruled. Appellee then moved for a judgment on the interrogatories notwithstanding the general verdict which motion was sustained and judgment rendered accordingly. Appellant excepted to both of these rulings and brings the questions thus presented to this court for review.

1. The decision of this question involves a consideration of the issues presented by the pleadings, the interrogatories and the general verdict. The complaint filed consisted of four paragraphs, but in view of the conclusion we have reached we need consider only the issues formed upon the second paragraph. If the interrog-

2. atories are not in irreconcilable conflict with the general verdict when considered in connection with the issues formed upon this paragraph, the general verdict must stand as against this motion, for it is well settled that the general verdict will be upheld if the interrogatories can be reconciled therewith upon any supposable state of facts provable within the issues formed by the pleadings. *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95, 67 N. E. 923; *Union Traction Co.* v. *Barnett* (1903), 31 Ind. App. 467, 67 N. E. 205. In view of the question presented it is not necessary to set out all of the allegations of this pleading. It alleges in substance that the decedent at the time of his death was in the employ of the defendant and was engaged in cutting meat at a table in its packing house, and that defendant was and had been for some time prior thereto operating a saw on another table by means of an electric motor or dynamo which was placed under a table in close proximity to the place where decedent was required to work. It further appears from such allegations that the binding posts of the motor so placed were negligently left uninsulated and unguarded, and that they carried a current of electricity sufficient to cause death. The complaint also charges that the defendant negligently permitted the floor

to become and remain wet, greasy and slippery at the place where decedent was required to work, and that it negligently installed and maintained the motor with the uninsulated binding posts in close proximity, knowing of the dangerous and slippery condition of the floor and knowing that decedent was likely to fall by reason thereof and come in contact with the exposed and uninsulated binding posts. It is alleged that decedent did not know that the binding posts were uninsulated or unguarded and that he did not know that they carried a dangerous current of electricity, and that defendant failed to warn him of such conditions; but it is not alleged that decedent did not know of the slippery and dangerous condition of the floor. The general verdict returned by the jury is a finding in favor of the plaintiff upon every material allegation of this

3. paragraph of complaint. It finds that the defendant was guilty of the acts of negligence charged, that the plaintiff did not know of the danger to which he was exposed by reason of such negligence, that the negligence charged caused the death of decedent as stated in the complaint, and that the resulting damage was $5,000. In reviewing the ruling of the trial court upon the motion for judgment on the interrogatories, we are required to determine whether any of the facts found in response to such interrogatories are in irreconcilable conflict with the general verdict in respect to any of the particulars stated.

It is not seriously contended that the answers to

4. interrogatories negative the facts charged in the complaint as constituting negligence on the part of the defendant, but it is contended that such answers show that the slippery condition of the floor was the sole proximate cause of the death of decedent and that he had knowledge of this for a long time prior to his injury and that, as a matter of law, he assumed the risk of any injury caused thereby. The answers to the interrogatories show that decedent had worked for three or four months at the same place

he was working at the time he was injured, and that the floor was habitually in a damp, greasy and slippery condition; that it had been in such a condition during all of the time he had worked there, and that there was nothing to prevent him from knowing the condition of the floor. These facts show conclusively that he did know or should have known of the dangerous condition of the floor and that he assumed the risk of all injuries of which the slippery floor was the sole proximate cause. If the only injuries received by decedent had been such as were occasioned solely by the fall, he could not have recovered, but if his death resulted proximately from another cause for which the negligence of the defendant was responsible, he can not be deemed to have assumed the risk of injury resulting from such cause, unless he knew of the danger to which this particular negligence of the master exposed him.

The paragraph of complaint under consideration, charges that appellee was negligent in two particulars: (1) in permitting the floor where decedent was required to work to become wet, greasy and slippery, and (2) in installing, maintaining and operating the motor with the uninsulated binding posts in close proximity to his working place. According to the allegations of the complaint, the death of decedent was caused by a current of electricity communicated to his body from these uninsulated binding posts with which he came in contact by falling, and his fall was caused by the slippery condition of the floor. It thus appears that the current of electricity would not have caused his death if he had not fallen, and also that the fall would not have caused his death had it not been for the current of electricity to which the uninsulated terminals exposed him. It is apparent, we think, that both of these causes concurred in producing the death of decedent and that in the absence of either such death would not have occurred. The conclusion of the court is that the complaint alleges and the general verdict accordingly finds that two

conditions of the working place of decedent existed, both of which rendered it unsafe, and both of which were due to the negligent conduct of the defendant; and that both of these conditions concurred in producing his death and were thus the combined proximate cause. The subject of concurring proximate causes was considered and discussed in an opinion recently rendered by this court and need not be further discussed in this opinion. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822.

The answers to interrogatories do not show that decedent had knowledge of the uninsulated condition of the binding posts or that they were charged with a current of electricity sufficient to cause death, and it can not be said that they show that he assumed the risk of injury from that cause.

It has been frequently decided by this and other 6. courts that where two causes combine and proximately concur in producing an injury, the party at fault for one of such causes will be held liable, provided the injury would not have occurred in the absence of such fault. 1 Thompson, Negligence §68; *Grimes* v. *Louisville, etc., R. Co.* (1892), 3 Ind. App. 573, 30 N. E. 200, and cases cited; *Cincinnati, etc., R. Co.* v. *Worthington* (1903), 30 Ind. App. 663, 65 N. E. 557, 66 N. E. 478, 96 Am. St. 355; *Lake Shore, etc., R. Co.* v. *Wilson* (1894), 11 Ind. App. 488, 38 N. E. 343; *Reid* v. *Evansville, etc., R. Co.* (1894), 10 Ind. App. 385, 35 N. E. 703, 53 Am. St. 391.

The knowledge of the decedent of the slippery condition of the floor would preclude his representative from recovering for an injury which resulted solely from such 4. condition; but it does not prevent a recovery for an injury which resulted from that cause acting in connection with another cause for which defendant's negligence was responsible, when both causes concurrently and proximately produced the injury and where he did not assume the risk of the latter cause. A servant assumes the risk

of injury resulting from the negligence of a fellow servant, but it has been held that where the negligence of a fellow servant coöperates with the negligence of the master in producing the injury the master is liable. The same principle applies here. *Boyce* v. *Fitzpatrick* (1881), 80 Ind. 526; *Pennsylvania Co.* v. *McCaffrey* (1894), 139 Ind. 430, 38 N. E. 67, 29 L. R. A. 104, and cases cited; *Lutz* v. *Atlantic, etc., R. Co.* (1892), 6 N. M. 496, 30 Pac. 912, 16 L. R. A. 819 and note thereto. The facts stated in the complaint do not justify us in holding that the slippery condition of the floor was the sole proximate cause of the injury and the general verdict does not so find. The answers to interrogatories showing that decedent knew of such condition or should have known of it are not in irreconcilable conflict with the general verdict. This case was probably decided in the trial court upon the authority of the cases of *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, 73 N. E. 253, and *Crawford & McCrimmon Co.* v. *Gose* (1909), 172 Ind. 81, 87 N. E. 711, both of which have been expressly overruled by the supreme court. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529. The other cases cited by appellee in so far as they follow the doctrine announced in the overruled cases to which we have referred, can not be regarded as authority.

The jury further finds in answers to interrogatories that the slippery condition of the floor caused decedent to fall, that he came in contact with the motor after he fell, and that the death of decedent was due proximately to the slippery condition of the floor. Appellant contends that these answers show that the slippery floor was the proximate cause of the death of decedent and that they are in irreconcilable conflict with the general verdict. We think that this contention has already been answered. While these answers do show that the death was proximately due to the slippery floor, they do not show that this was the sole cause, or that some other cause for which appellee was negli-

gently responsible did not operate concurrently with the slippery condition of the floor in proximately causing the death of decedent. In view of the issues in this case, we think that the facts found by these answers can be reconciled with the general verdict.

The judgment is reversed and the trial court is directed to sustain appellant's motion for judgment on the verdict. Judgment reversed.

NOTE.—Reported in 101 N. E. 385. See, also, under (1) 38 Cyc. 1930; (2) 38 Cyc. 1929; (3) 38 Cyc. 1869; (4) 26 Cyc. 1225; (5) 26 Cyc. 1513; (6) 29 Cyc. 496; (7) 26 Cyc. 1226; (8) 26 Cyc. 1513; 38 Cyc. 1927. As to assumption of risk by servant well aware of it, see 97 Am. St. 893. On the question of servant's assumption of risk from latent danger or defect, see 17 L. R. A. (N. S.) 76. For servant's assumption of risk of dangers created by the master's negligence, which might have been discovered by the exercise of ordinary care on the part of the servant, see 28 L. R. A. (N. S.) 1250. As to negligence of fellow servant concurring with failure of the master to establish or enforce proper rules or regulations for conduct of business, see 4 L. R. A. (N. S.) 516.