## LOUISVILLE AND NORTHERN RAILWAY AND LIGHTING COMPANY ET AL. *v.* HYNES.

[No. 6,981. Filed May 24, 1910. Rehearing denied November 15, 1910. Transfer denied April 28, 1911.]

1.  APPEAL.—*Defective Complaint.—Necessity of Pointing Out.*— Where an appellant contends that appellee's complaint is not sufficient the specific objection must be pointed out.  p. 511.
2.  RAILROADS.—*Railroad Crossings.—Duty to Stop Trains.—Failure.—Negligence.*—Where interlocking devices are not used at a railroad crossing, it is the duty of a railroad engineer approaching such crossing to stop his train, and his failure so to do constitutes a misdemeanor and is negligence *per se.*  pp. 511, 512.

3. RAILROADS.—*Crossings.*—*Complaint.*—A complaint by the motor-man of an interurban car, alleging that defendant railroad company's locomotive engineer negligently failed to bring his passenger-train to a full stop before entering upon the crossing, that plaintiff's car was approaching and about to cross such crossing, and that by reason of defendant's negligence in failing to stop its train, plaintiff was injured, states a cause of action. p. 512.

4. APPEAL.—*Weighing Evidence.*—Where there is evidence fairly tending to support the judgment appealed from, it will not be disturbed.  p. 512.

5. RAILROADS.—*Failure to Stop at Crossing.*—*Defective Interurban Cars.*—*Concurrent Negligence.*—Where defendant interurban railroad company's manager promised the plaintiff motorman to have his car repaired, and the car was taken to the shop, and the plaintiff afterward in obedience to an order, hastily took such car on a trip, such car appearing to have been repaired, and the plaintiff, thinking the car was repaired, upon approaching defendant railroad company's crossing attempted to apply the sand to stop the car, but the car had not been repaired and there was no sand, and the car ran upon the railroad crossing and was struck by defendant railroad company's train which made no stop for the crossing, both defendants are guilty of concurrent negligence and are jointly and severally liable for the injury committed.  pp. 512, 515.

6. RAILROADS.—*Crossings.*—*Stopping of Trains.*—*Statutes.*—*Purpose.*—One object of the statute requiring locomotive engineers to stop their trains before crossing another track (§2674 Burns 1908, Acts 1905 p. 584, §668) was to prevent injuries to persons who might, for some excusable cause, be on such crossing.  p. 515.

7. NEGLIGENCE.—*Concurrent.*—Where the negligent acts of two or more parties concur in producing an injury to the plaintiff, defendants are jointly and severally liable.  p. 515.

8. NEGLIGENCE.— *Concurrent with Accident.*—*Liability.*—Where defendant's negligence concurs with a pure accident in producing plaintiff's injury, defendant is liable unless the injury would have been sustained by reason of the accident alone.  p. 516.

9. NEGLIGENCE.—*Proximate Cause.*—The proximate cause for an injury is the decisive cause, regardless of the succession of events.  p. 516.

10. NEGLIGENCE.—*Anticipation of Injury.*—*Unlawful Acts.*—Where the violation of a statute is the cause of an injury, it is not necessary that any injury be foreseen.  p. 516.

11. MASTER AND SERVANT.—*Railroads.*—*Defective Cars.*—*Injuries.*—*Complaint.*—A complaint alleging that defendant interurban railroad company's manager promised the plaintiff motorman to

repair his car, that the car was sent to the shop and returned, that the plaintiff was ordered hastily to take the car and make a trip, that as he approached a railroad crossing, thinking the car had been repaired, he attempted to stop the car, but failed because defendant negligently failed to have it repaired, by reason whereof his car ran upon the crossing and he was injured by a railroad train, states a cause of action against the interurban company. p. 516.

12. TRIAL.—*Verdict.*—*Interrogatories.*—The general verdict controls where the answers to the interrogatories are not irreconcilable therewith. p. 516.

13. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 517.

From Floyd Circuit Court; *William C. Utz*, Judge.

Action by George H. Hynes against the Louisville and Northern Railway and Lighting Company and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Edward Barton, Robert S. Alcorn, C. L. & H. E. Jewett, C. D. Kelso* and *Miller & Dowling*, for appellants.

*Stotsenburg & Weathers*, for appellee.

COMSTOCK, C. J.—The amended complaint avers, in substance, the corporate existence of appellants, and that the Baltimore and Ohio Southwestern Railroad Company, which will hereafter be referred to as "railroad company," is doing business in the State of Indiana, and operating a line of steam railroad from North Vernon Indiana, to the city of Louisville, Kentucky; that the lines of both named defendants pass through the town of Watson, Clark county; that near the town of Watson the tracks of defendants cross each other at about right angles; that said crossing was a grade crossing, with no system of interlocking devices whatever; that on October 16, 1906, plaintiff was employed by defendant Louisville and Northern Railway and Lighting Company, hereinafter referred to as "traction company," as motorman, and was on said date put in charge of one of the cars of said defendant traction conmpany, which car was loaded with freight and passengers; that it was

plaintiff's duty to act as motorman under said employment, and he was charged with the operation thereof; that for the safe operation of said car, and for the safety of the passengers, it was necessary that said car be equipped with a sand appliance, that it might be stopped easily and quickly, if necessary; that said car at the time it was furnished to plaintiff, and up to the time of the accident hereinafter mentioned, was in a defective and unsafe condition, in this, that it did not have a sand appliance to stop it, which fact was wholly unknown to plaintiff, but was well known to defendant traction company during all of said time, and long enough before said accident to have repaired said car, or to have notified plaintiff thereof, but said defendant negligently failed and omitted to remedy or repair said defect; that plaintiff was ordered to take said car on said day on its regular run to Charlestown, Indiana; that in doing so it was necessary for him to cross said tracks of defendant railroad company at the town of Watson; that said railroad company was operating a passenger-train drawn by a steam locomotive on its line of road; that said train was due to pass said crossing at Watson at about the same time the said car of defendant traction company was due at said point; that when the servants of said railroad company, in charge of said passenger-train, approached said crossing, they negligently failed to bring said train to a full stop before entering upon or crossing the tracks of said traction company, and without first ascertaining that there was no car in sight approaching or about to pass over said track on the line of the traction company, as required by the laws of the State of Indiana, but, on the contrary, they negligently propelled said train at full speed across said crossing, when the electric car in charge of this plaintiff was in full sight, approaching and about to cross said crossing; that when plaintiff reached the proper distance from said crossing he attempted to stop said car, so as to bring it to a full stop before entering upon said crossing,

and to that end used all the means in his power to stop said car before passing over said crossing, but on account of the defective and unsafe condition of said car it ran upon said crossing; that on account of the negligence of defendant railroad company in failing to stop its said passenger-train before reaching said crossing, and in failing first to ascertain that there was no car approaching and about to cross said crossing, the car on which plaintiff was so employed as motorman collided with said passenger-train, thereby knocking said car from the track and throwing plaintiff a distance of twenty feet, whereby he was injured, and for which he claims damages in the sum of $10,000.

The cause was put at issue. A trial by jury was had, resulting in a verdict and judgment for $3,000 in favor of plaintiff against both defendants. With the general verdict the jury returned answers to interrogatories.

Defendants filed separate assignments of error. The first error discussed by said railroad company challenged the action of the court in overruling its demurrer for want of facts to the amended complaint. In support of this specification it is stated that the complaint is based upon a penal statute, and that where a recovery is sought under a statute the complaint must allege specifically and fully every fact requisite to bring the cause of action within the provisions of the statute. This specification might be disposed of by reference to decisions which hold that if the sufficiency of a complaint is questioned the specific objection made ought to be pointed out (*New Castle Bridge Co.* v. *Doty* [1907], 168 Ind. 259; *Baker* v. *Gowland* [1906], 37 Ind. App. 364; *Ziegler* v. *Ziegler* [1908], 41 Ind. App. 432), and by stating that appellants do not set out the facts which the complaint does not aver. By statute (§2674 Burns 1908, Acts 1905 p. 584, §668) it is made an offense, punishable by fine or imprisonment, for an engineer of a railroad locomotive upon any railroad

track, upon or over which passengers may be transported, to run such locomotive across or upon the track of any other railroad or interurban railroad, at a place where no system of interlocking works or fixtures is maintained as provided by the laws of this State, without coming to a full stop before entering upon or crossing such other track, and without first ascertaining that there is no other train, locomotive or car in sight, approaching and about to pass over such other track. *Cincinnati, etc., R. Co.* v. *Acrea* (1908), 42 Ind. App. 127. The violation of this statute was negligence *per se. Cincinnati, etc., R. Co.* v. *Butler* (1885), 103 Ind. 31; *Chicago, etc., R. Co.* v. *Fenn* (1892), 3 Ind. App. 250.

The complaint alleges that the railroad company negligently failed to bring said passenger-train to a full stop before entering upon said crossing, and without first ascertaining that there was no car in sight, approaching and about to cross said track, but, on the contrary, appellant railroad company propelled said train at full speed across said crossing, when said electric car was in full sight, approaching and about to cross said crossing. The demurrer was properly overruled.

It is argued that the evidence is not sufficient to sustain the verdict. As the Appellate Court will not weigh the evidence, it is only necessary to determine whether there is evidence fairly tending to support the verdict. In violating the statute (§2674, *supra*), the engineer of appellant railroad company committed a criminal offense, and in so doing was guilty of negligence.

The following is a fair summary of the facts: Appellee, on October 16, 1906, was employed by appellant traction company as a motorman. His duties were to operate an interurban car between Louisville, Kentucky, and Charlestown, Indiana, a distance of about sixteen miles. The traction company's lines running north

crosses the line of the railroad company, at right angles, near Watson, Indiana. This crossing was a grade crossing, and was not supplied with an interlocking switch. Appellee went to work at 6 o'clock in the morning on that particular day, starting out from Jeffersonville with car No. 1001. With this car he made a round trip to Charlestown. On the second trip car No. 1001 was found to be not sufficient for the freight that was to be carried, and when appellee reached Jeffersonville, on his way to Charlestown, car No. 702 was at the station. He made a hasty change of cars, and started to Charlestown. Car No. 702 had been out of service a week or more, for the purpose of supplying it· with a sand appliance, which the superintendent of the traction company had promised to put on it. The traction company had put a sand-box in the car and a plunger in the platform, but had not coupled the box and the plunger, neither had it supplied a sand-pipe or any sand. The car had the appearance of being properly equipped with a sand appliance when it was turned over to appellee, and, relying on the promise of the superintendent of the traction company to put in the appliance, and being deceived by appearances, and having no knowledge to the contrary, appellee proceeded towards Charlestown. As he approached the railroad crossing near Watson he was running at the usual rate of speed, and operating the car in a careful manner. At the usual place for stopping, he applied the brakes in the usual way and made the proper efforts to stop. The rails were frosty and the wheels commenced to slip. He then tried to use the sand appliance so as to sand the rails, but found that the sand appliance had not been supplied. He used the emergency brakes and the reverse, and had almost brought his car to a standstill when it reached the crossing. If the collision had not occurred he would not have gone on the crossing more than two or three feet. As appellee was approaching the

crossing, and when he was only a few feet from it, a passenger-train of the railroad company approached the crossing from the east, running at the rate of twenty-five miles or more an hour. Without stopping for the crossing, the railroad company's train proceeded across the traction company's tracks. Said railroad train had stopped at Watson station, a distance of 1,700 feet from said crossing, for the purpose of obtaining orders, from which said point said interurban track could not be seen, because of intervening woods, until said train was almost on said crossing. Said traction company's car struck the railroad company's train just back of the engine, and was thrown from the track, its vestibule was torn off and appellee injured. The employes of the railroad company had no intention of stopping, and purposely ran over the crossing. Appellee made every effort to stop, but was not able to do so because the car had no sand appliance. One Cole was superintendent of the traction company at the time of the accident and also at the time of the trial. He was not subpoenaed as a witness. He promised to have the car repaired, and ordered the change of cars on the morning in question.

It is argued that the railroad company was not responsible for the defective car of the traction company, nor for the lack of judgment nor the carelessness of appellee; that although the engineer of appellant railroad company did not stop his locomotive after leaving Watson station and before entering upon the crossing, still, the railroad company is not liable for the injury which followed, because this particular negligence was not the cause of the injury; that the act of the railroad company was not the proximate cause of the injury, unless, under the circumstances, the result might have been reasonably forseen; that it is not enough that the accident was the natural consequence of the injury, it must be the proximate consequence. The further point is made that the evidence shows that either the

negligence of the traction company or of appellee himself was the proximate cause of said accident; that there was no unity of action and no common design between said traction company and said railroad company; that the failure of the traction company to furnish a proper car was the proximate cause of the injury, and that the railroad company was not negligent.

It is true, as claimed by the railroad company, that the only act of negligence charged against it was in running its train over the crossing without coming to a stop, and without attempting to ascertain whether a car was approaching.

One object of the statute, in requiring persons in charge of a train to stop before going onto a crossing, is to prevent accidents like the one in question, where, for

6. any reason, a person approaching a crossing is not able to stop. *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448. The injury in the case at bar was the result of two causes, the failure of

5. appellant railroad company to stop its train before entering the crossing and of appellant traction company properly to equip its said car. *Board, etc.,* v. *Mutchler* (1894), 137 Ind. 140.

Where defendant's fault, with some other event not the fault of plaintiff, produces the injury, defendant is liable. *Evansville, etc., R. Co.* v. *Allen* (1905), 34 Ind. App. 636.

If the concurrent negligence of two persons combined results in injury to a third person, he may recover of either or both, and neither can interpose the defense that

7. prior or concurrent negligence of another contributed to the injury. 1 Thompson, Negligence (2d ed.) §75; *South Bend Mfg. Co.* v. *Liphart* (1895), 12 Ind. App. 185; *Indianapolis Union R. Co.* v. *Waddington, supra.*

If the injury to appellee resulted from the negligence of the railroad company, together with an accident for which

neither the railroad company nor appellee was responsible, the railroad company would still be liable, unless the injury would have been sustained had it not been negligent. 1 Thompson, Negligence (2d ed.) §§68, 70; *Grimes* v. *Louisville, etc., R. Co.* (1892), 3 Ind. App. 573; *Board, etc.,* v. *Sisson* (1891), 2 Ind. App. 311; *City of Crawfordsville* v. *Smith* (1881), 79 Ind. 308; *White Sewing Machine Co.* v. *Richter* (1891), 2 Ind. App. 331; *South Bend Mfg. Co.* v. *Liphart, supra; Lucas* v. *Pennsylvania Co.* (1889), 120 Ind. 205; *Frank Bird Transfer Co.* v. *Krug* (1903), 30 Ind. App. 602.

In determining the proximate cause, the inquiry is directed to the responsible cause, without reference to whether it is the first or last in the succession of events that resulted in plaintiff's injury. *Indianapolis Union R. Co.* v. *Waddington, supra; Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95; *Cincinnati, etc., R. Co.* v. *Acrea, supra.*

The act of negligence charged against the railroad company was the violation of a statute, and it was not necessary that any injury be foreseen. *Cincinnati, etc., R. Co.* v. *Acrea, supra,* and cases cited. Serious consequences might be anticipated, under the circumstances set out in the complaint.

The traction company, in its assignment of errors, challenges the sufficiency of the complaint. The complaint was sufficient to withstand the demurrer of said traction company.

The action of the court in overruling the traction company's motion for judgment on the answers to interrogatories is also challenged. In this there was no error, because between them and the general verdict there is no irreconcilable conflict.

The traction company's motion for a new trial questions the action of the court in reference to instructions given and instructions refused. It is claimed in behalf of appellee

that the questions on the instructions have not been properly saved. That we do not decide; but, upon examination, we find no reversible error.

The sufficiency of the evidence to sustain the verdict is denied. The evidence is not, as to the traction company, entirely free from conflict, but it fairly supports the verdict as to the negligence charged against said company and the freedom from negligence of appellee. That there may be some conflict as to the latter fact, is not enough to overthrow the general verdict.

Judgment affirmed.