## SIMPLEX RAILWAY APPLIANCE COMPANY *v.* KAMERADT.

[No. 21,907.   Filed June 20, 1913.   Rehearing denied October 17, 1913.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Burden of Proof. —Incompetency of Fellow Servant.*—In an action for injuries based on the master's negligence in the employment of an incompetent fellow servant, but in which negligence in the retention of such fellow servant was not charged, the burden was on the plaintiff to prove that his injury was the proximate result of the incompetency of such fellow servant to discharge the duties assigned to him and that in employing such fellow servant the defendant knew, or in the exercise of ordinary care and prudence should have known of such incompetency. p. 298.

2. MASTER AND SERVANT.—*Injuries to Servant.—Liability of Master.—Incompetency of Fellow Servant.*—The law requires the master shall exercise ordinary care, that is such as men of reasonable and ordinary prudence observe, to engage the services of those who are reasonably fit and competent for the performance of the duties assigned them, and the question of the competency of a servant includes a consideration of his physical, moral and mental qualifications for the task assigned, and, if the employment is for the operation of a machine, also of his skill and experience with reference to such or similar machinery. p. 298.

3. MASTER AND SERVANT.—*Injuries to Servant.—Liability of Master.—Incompetency of Fellow Servant.*—Where a servant who was engaged in operating a simple spring-testing machine by pulling and returning a lever, understood its operation when employed and had not been guilty of any careless act before the accident, and, though deficient in education, was not physically or mentally unfit to operate the machine, an injury to plaintiff, caused by such servant pulling the lever before plaintiff could remove his hand from a spring which he had placed for testing, is to be attributed to the inattention of such servant, and the master is not liable therefor on the theory of negligence in the employment of an incompetent servant. p. 298.

4. MASTER AND SERVANT.—*Injuries to Servant.—Liability of Master.—Incompetency of Fellow Servant.*—The fact that the experience of a servant was of short duration is immaterial as affecting the liability of the master for injuries to plaintiff, where the injuries were not caused by any incompetency or lack of experi-

ence on the part of such servant, but solely through his inattention to the work he was performing. p. 300.

From Lake Superior Court; *Thomas M. C. Hembroff,* Special Judge.

Action by Frank Kameradt against the Simplex Railway Appliance Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*L. L. Bomberger* and *Ralph F. Potter,* for appellant.
*D. J. Moran,* for appellee.

MORRIS, J.—Action by appellee against appellant for personal injuries. It is alleged in the complaint that appellant was engaged in manufacturing car springs, and tested its products by means of a machine called a spring tester; that appellee's hand was injured in the machine because of the negligence of a fellow servant named Barman who was operating the machine, and who was incompetent to do such work; that defendant was negligent in the employment of such incompetent operator.

In the bed of this machine was a plunger, driven upward, by steam power, against the spring inserted, so as to crush the same together against a stationary top, and thus test its strength and elasticity. The plunger was operated by pulling a lever, and this work was done by Barman. When injured, the appellee was placing a spring on the plunger, and before he had removed his hand from the spring, the operator released the plunger, which drove the spring, with appellee's hand on it, against the top of the machine, and thereby cut off some of appellee's fingers. In the proper operation of the machine, the operator should wait until the employe, inserting the spring, should have removed his hand therefrom, before moving the lever which released the plunger. This accident happened because the operator, Barman, pulled the lever too soon.

There was a trial by jury, verdict for appellee, with an-

swers to interrogatories. Appellant's motion for judgment on the answers to interrogatories was overruled; also its motion for a new trial. Appellant claims that it was entitled to judgment on said answers, but we cannot say that they are such as to overthrow the general verdict.

Under the reasons assigned in the motion for a new trial, it is contended here that the evidence is insufficient to sustain the verdict. One of the claims is that appellee was, when injured, not in the line of his employment. We regard the contrary as established by the evidence.

Appellant maintains there is an entire absence of evidence to show the failure of any duty on its part, in relation to the employment of the operator Barman. The burden was on appellee to prove (1) that his injury was the proximate result of the unfitness of Barman to discharge the duties assigned him, and (2) that, in employing Barman, appellant knew, or, in the exercise of ordinary care and prudence, should have known, of such unfitness. The complaint makes no charge of negligence because of the retention of Barman in its employ.

The law requires of the master that he shall use due care in engaging the services of those who are reasonably fit and competent for the performance of the respective duties assigned them. 3 Labatt, Master and Servant (2d ed.) §1079. The rule requires the exercise of ordinary care, such as men of ordinary prudence observe. The question of the competency of the servant includes a consideration of his physical, moral and mental qualifications, for the task assigned, and if the employment be for the operation of a machine, especially of an intricate nature, also of his skill and experience with reference to such or similar machinery.

There is no evidence here whatever of any physical or moral defect in Barman. Formerly he had been employed on farms and in cement construction work. About three months before the accident he was em-

ployed by appellant, as a laborer in its factory. His duty at first was to wheel car springs to and from the testing machine. For a period of at'least six weeks before the accident he was engaged in sticking springs in the testing machine in controversy, while the latter was operated by one Barget. On March 23, Barget resigned his position, and on March 25, following, Barman was assigned to operate the machine. No outside investigation was made of Barman's fitness for his new duty. Appellant relied wholly on the results of its observation and knowledge of him while in its employ. On March 25, Barman operated the machine alone, sticking in the springs with one hand, and operating the lever with the other. At that time, appellee had been employed for about three weeks in wheeling springs to and from the machine. On the afternoon of March 26, appellee commenced sticking springs in the machine, and continued such work until he was injured, on the afternoon of March 27. The operation of the machine consisted merely in pulling and returning the lever, and inserting and removing springs. Both appellee and Barman fully understood its operation. There is no evidence that Barman was guilty of any careless act before the accident. He knew how to operate the machine when employed. The jury expressly found this fact, by their answers to interrogatories, and there is no evidence that would have warranted any other finding.

It is claimed by appellee that the jury was warranted in finding that Barman was not a person of ordinary intelligence. It may be that in some respects this claim finds some support in the evidence. His knowledge of arithmetic was below that of the average man, but there is no evidence that his lack of mental qualifications in any way affected his competency to operate the machine in controversy. Very little skill was required in the simple operation of this tester, and the injury did not result from unskilfulness, but from lack of watchfulness,—inattention. *Harvey* v.

*New York, etc., R. Co.* (1882), 88 N. Y. 481; *Baltimore Elevator Co.* v. *Neal* (1886), 65 Md. 438, 5 Atl. 338; *Couch* v. *Watson Coal Co.* (1877), 46 Iowa 17; *Hatt* v. *Nay* (1887), 144 Mass. 186, 10 N. E. 807; *McIntosh* v. *Jones* (1908), 36 Mont. 467, 93 Pac. 557, 14 L. R. A. (N. S.) 933; *Walkowski* v. *Penokee, etc., Mines* (1898), 115 Mich. 629, 73 N. W. 895, 41 L. R. A. 33, and notes.

It is true that the accident happened only two or three days after Barman had been assigned to his new duties, but under the facts disclosed, the short experience of

4.   Barman was not material. *Ohio, etc., R. Co.* v. *Dunn* (1894), 138 Ind. 18, 36 N. E. 702, 37 N. E. 546; *Texas, etc., R. Co.* v. *Berry* (1887), 67 Tex. 238, 5 S. W. 817. The accident did not result from lack of experience, for Barman well knew how the machine was operated. There was no evidence that warranted the jury in finding that any neglect on appellant's part caused, or helped to cause, appellee's injury.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Note.—Reported in 102 N. E. 129. See, also, under (1) 26 Cyc. 1418; (2) 26 Cyc. 1295; (3) 26 Cyc. 1296; (4) 26 Cyc. 1297. As to who are fellow servants and vice-principals, see 67 Am. Dec. 588; 75 Am. St. 584. As to who is an "incompetent" servant, within the law of master and servant, see Ann. Cas. 1912 C 96. As to the general duty of the master with respect to the employment of servants, see 48 L. R. A. 369. On the duty of a master to servant to keep informed as to fitness of coservants in his employ, see 1 L. R. A. (N. S.) 288. As to whether breach of duty to employ or retain none but competent servants may be inferred in fact from their incompetency, see 20 L. R. A. (N. S.) 322; 27 L. Ed. U. S. 605. On the question of evidence of reputation to show incompetency of servant or master's knowledge thereof, see 33 L. R. A. (N. S.) 751.