## CITY OF GARY *v.* GEISEL.

[No. 8,579. Filed May 12, 1915. Rehearing denied October 13, 1915.]

1. TRIAL.—*Verdict.—Answers to Interrogatories.*—A general ver-
dict is not overcome by the jury's answers to interrogatories, nor
by isolated facts shown therein, unless such answers or such
isolated facts are in irreconcilable conflict with such verdict.
p. 569.

2. APPEAL.— *Review.— Verdict.— Presumptions.*— As against the
jury's answers to interrogatories all reasonable presumptions are
to be indulged in favor of the general verdict. p. 569.

3. NEGLIGENCE.—*Concurrent Negligence.—Liability.*—A person in-
jured by the concurrent negligence of two parties may recover
from either or both, and neither can avoid liability on the ground
that the concurrent negligence of the other contributed to the
injury. p. 569.

4. NEGLIGENCE.—*Injury to Guest in Automobile.—Proximate Cause.
—Verdict.—Answers to Interrogatories.*—A verdict against de-
fendant city in favor of plaintiff, who, while riding as a guest
in an automobile, was thrown therefrom by reason of sudden

contact of the machine with a hole in the street, was not overcome by the jury's answer to an interrogatory showing that plaintiff's injury was caused by the negligence of the chauffeur, since it does not necessarily follow that the latter's negligence was the sole proximate cause of plaintiff's injury, or that it was more than concurrent negligence operating with that of defendant. p. 569.

5. NEGLIGENCE.—*Injury to Guest in Automobile.—Contributory Negligence.—Answers to Interrogatories.*—Answers to interrogatories showing that an automobile in which plaintiff was riding as a guest at the time he was injured was being driven at an unlawful rate of speed, without objection from plaintiff, do not overcome a general verdict against defendant on the theory that contributory negligence of plaintiff is shown by his failure to remonstrate with the chauffeur and request him either to drive slower or permit plaintiff to leave the machine, when considered in view of the conditions at the time and the facts that plaintiff was a guest in the rear seat, with no control over the chauffeur, and that the machine had been driven at such unlawful speed for only about forty-five seconds, when the accident occurred. p. 570.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by John Geisel against the City of Gary and another. From a judgment for plaintiff, the defendant city appeals. *Affirmed.*

*Gavit & Hall* and *Harvey J. Curtis,* for appellant.
*Hodges & Ridgley,* for appellee.

FELT, J.—This is a suit for damages for personal injuries alleged to have been received on account of negligence of appellant. The case was tried on an amended complaint in two paragraphs against appellant and the Gary and Interurban Railway Company, which was answered by a general denial. At the close of the evidence the court directed a verdict for the railway company. The jury returned a verdict for $500 against appellant and also answered several interrogatories. The error assigned and relied on for reversal of the judgment is the action of the court in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict.

The first paragraph of complaint charges in substance that appellant is a municipal corporation of the State of Indiana and that Broadway is a street running north and south in the city of Gary; that by permission of said city, the Gary and Interurban Railway Company has constructed and maintains in said street a double track railway, which is crossed at right angles by the Wabash railway with four tracks; that the city caused Broadway to be paved with brick except a strip 26 feet wide in the center thereof where the railway tracks were laid which was to be paved by said railway company and at the time of appellee's injury was paved south of the Wabash railway to within about six feet of the south rail of the south track; that the unpaved portion of the street was six inches lower than the paved portion thereof and the several railway tracks were six inches above the surface of the hole left where the street was not paved; that more than three months prior to appellee's injury the street railway company piled bricks on said street and they remained there until after appellee was injured, all of which was known to appellant; that on the evening of March 8, 1910, it was very dark in the vicinity of the pile of bricks and the hole in the street and there was no guard or light at either of them; that at about 6:30 p. m. on said day, appellee was riding in the rear seat of an automobile as a guest and had no control of the same and had no knowledge of its speed or place upon the street; that the chauffeur drove north on Broadway and when approaching said pile of bricks turned slightly to the left to avoid the obstruction and the automobile ran into said hole before it could be stopped, the forward wheels struck the rail and threw appellee out and injured him; that appellee did not know of the pile of bricks or of the hole in the street before he was injured nor did the chauffeur have any knowledge thereof prior to the accident; that appellant negligently permitted the hole to be and remain in the street with full knowledge of

its condition for many weeks prior to appellee's injury and negligently failed to guard the same or to provide a light or warning of any kind. The second paragraph is substantially the same as the first except it is alleged that the accident was caused by the automobile running into the pile of bricks.

In answer to the interrogatories the jury found in substance that at the time he received his injuries, appellee was a passenger in an automobile traveling north on Broadway in the city of Gary; that the point where he received his injuries was a built-up business portion of the city, which extended from the Wabash tracks south to Eleventh avenue, a distance of about 1,200 feet; that the automobile was moving at a rate of speed of about eighteen miles per hour; that appellee was riding in the back seat and there was nothing to prevent conversation between him and the chauffeur; that at no time before the accident did appellee inform the chauffeur that he desired him to slacken his speed; that appellee's injuries were sustained because of the high speed and reckless driving of the automobile in which he was riding; that the brick pile with which the automobile collided was sufficiently lighted by an electric light in the vicinity to make it plainly visible for 100 feet south thereof, which light was thirty-nine feet from the brick pile; that there were lights burning on the automobile at the time of the accident; that it was dark when the automobile collided with the brick pile and the space between the brick pile and the east curb was seventeen feet.

Two propositions are urged by appellant in support of its motion for judgment on the answers to the interrogatories: (1) The answers show conclusively that the sole proximate cause of appellee's injury was the speed of the automobile. (2) That the automobile was driven at an unlawful rate of speed for 1,200 feet before it reached the place of the accident and appellee was guilty of contributory negligence in failing to remonstrate with the chauffeur

against such unlawful speed. In determining the 1. questions presented we must be guided by the rules that answers to interrogatories will not defeat a general verdict unless they are in irreconcilable conflict therewith. The general verdict will not be overcome by isolated facts disclosed by answers to interrogatories, unless such facts are shown to be so repugnant and contradictory to the general verdict that both can not be true under any conceivable state of facts provable under the issues.

2. All reasonable presumptions are to be indulged in favor of the general verdict for it finds every material issuable fact in favor of the prevailing party. *Simplex, etc., Appliance Co.* v. *Kameradt* (1913), 180 Ind. 296, 102 N. E. 129.

Where an injury is caused by concurrent negligence of two parties the injured person may recover from either or both and neither can successfully interpose as a 3. defense, the fact that concurrent negligence of the other contributed to the injury. *Louisville, etc., Lighting Co.* v. *Hynes* (1911), 47 Ind. App. 507, 515, 91 N. E. 962; *City of Logansport* v. *Smith* (1911), 47 Ind. App. 64, 73, 93 N. E. 883; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392; 97 N. E. 822.

Appellant insists that the answer to interrogatory No. 10 to the effect that appellee's injuries were sustained because of the high speed and reckless driving of the auto- 4. mobile in which he was riding, is in irreconcilable conflict with the general verdict and shows that such speed and reckless driving were the sole proximate causes of appellee's injury. The answer does show that appellee's injuries were sustained because of the high speed and reckless driving of the automobile, which must be attributed to the negligence of the chauffeur, but it does not necessarily follow from this answer that such negligence was the sole and only cause of appellee's injury or that the negligence of the chauffeur did not operate concurrently

with one of the alleged negligent acts of appellant in producing the injury. *Hammond* v. *Kingan & Co.* (1913), 53 Ind. App. 252, 255, 258, 101 N. E. 385; *Lake Shore, etc., R. Co.* v. *McIntosh* (1895), 140 Ind. 261, 268, 272, 38 N. E. 476; *Evansville, etc., R. Co.* v. *Allen* (1905), 34 Ind. App. 636, 640, 73 N. E. 630; *Indianapolis, etc., R. Co.* v. *Waddington* (1907), 169 Ind. 448, 463, 82 N. E. 1030. We therefore conclude that the answer does not show that the injury resulted solely from causes for which appellant was not responsible, and that as against the general verdict it only amounts to a finding that the negligence of the chauffeur concurred with that of appellant, in causing appellee's injuries. The question was so framed as to call for an affirmative or negative answer as to whether appellee's injuries were sustained because of the high speed and reckless driving of the automobile, but it did not direct the attention of the jury to the proposition of the sole and only cause of such injuries, which could readily have been done by apt and appropriate language, if a finding on that question had been intended or desired.

On the second proposition appellant does not contend that the negligence of the chauffeur may be imputed to appellee, but asserts that the answers show conclusively that

5. appellee was himself guilty of contributory negligence in not remonstrating with the chauffeur and requesting him to drive slower or permit appellee to alight from the automobile. The facts relied on are those that show that the automobile moved at the rate of speed of about eighteen miles per hour for 1,200 feet along Broadway, just before the accident occurred, which was in violation of the speed law of Indiana. §10465 Burns 1908, Acts 1907 p. 558; §10476c Burns 1914, Acts 1907 p. 558. At the rate of speed shown the automobile would travel a mile in about three and one-third minutes and would travel the distance of 1,200 feet in about forty-five seconds. Considering that appellee was a guest seated in the rear seat

of the automobile, with no control over the chauffeur, and that the answers as well as the general verdict show that it was dark until the automobile was within 100 feet of the pile of brick, which was south of the hole in the street, it can not be said that the answers conclusively show appellee guilty of contributory negligence as against the general verdict which finds him free from such negligence. To say that he was guilty of contributory negligence on the facts found, is to say that in riding 1,200 feet under the conditions shown without determining that the speed was excessive and remonstrating with the driver and requesting that he slacken the speed or let appellee alight from the automobile, he did not use ordinary care and that a person of ordinary prudence in the exercise of ordinary care for his own safety would have done so within the time and distance above indicated. *Chicago, etc., R. Co.* v. *Fretz* (1910), 173 Ind. 519, 526, 90 N. E. 76; *Lake Erie, etc., R. Co.* v. *Oland* (1912), 49 Ind. App. 494, 499, 97 N. E. 543; *Miller* v. *Louisville, etc., R. Co.* (1891), 128 Ind. 97, 100, 27 N. E. 339, 25 Am. St. 416; *Louisville, etc., R. Co.* v. *Creek* (1892), 130 Ind. 139, 143, 29 N. E. 481; *Lake Shore, etc., R. Co.* v. *Boyts* (1897), 16 Ind. App. 640, 647, 45 N. E. 812, and cases cited; *Brannen* v. *Kokomo, etc., Gravel Road Co.* (1888), 115 Ind. 115, 117, 17 N. E. 202; 3 Elliott, Railroads §1174.

Appellant relies mainly on the cases of *City of Vincennes* v. *Thuis* (1902), 28 Ind. App. 523, 63 N. E. 315, and *Flynn* v. *Chicago City R. Co.* (1911), 250 Ill. 460, 95 N. E. 449. The facts of these cases are quite different from those of the case at bar. In the first case the injured person and the driver who were both intoxicated were seated by the side of each other in a buggy drawn by one horse, which was driven rapidly in the nighttime over an unimproved street which was known to be obstructed, and the injury resulted from a collision with a hydrant located at a proper place on the street. The court held that the driver

was negligent and that the injured party knew there was danger of being injured and acquiesced in the negligent conduct of the driver and could not therefore recover. In the latter case two men were taking turns about driving a horse which one was trying to sell the other. Both were intoxicated to some extent and the court held that they were engaged in a common enterprise and that the person injured though not driving at the time of the accident, was barred from a recovery, not on the ground of imputed negligence, but because of his own negligence which is clearly shown by the facts of the case.

. The opinion reviews the decisions on the subject and when the law as therein declared is applied to the facts of this case it sustains the trial court in overruling appellant's motion for judgment on the answers of the jury to the interrogatories. Judgment affirmed.

NOTE.—Reported in 108 N. E. 876. As to concurrent negligence, see 16 Am. St. 250. On the effect of concurring negligence of third person on the liability of one sued for negligently causing injury, see 17 L. R. A. 33. As to imputed or contributory negligence of passenger riding in automobile driven by another precluding recovery against third person for injury, see L. R. A. 1915 B 953. Contributory negligence of driver as imputable to occupant of vehicle, see 3 Ann. Cas. 703; 9 Ann. Cas. 408. See, also, under (1) 38 Cyc. 1929; (2) 38 Cyc. 1928; (3) 29 Cyc. 487; (4) 29 Cyc. 657.