INDIAN REFINING COMPANY *v.* SUMMERLAND.

[No. 13,993. Filed November 13, 1930. Rehearing denied February 17, 1931. Transfer denied May 1, 1931.]

*Walter S. Bent* and *Condo & Batton,* for appellant.
*H. N. Hipskind,* for appellee.

LOCKYEAR, J.—The complaint in this action is by a child five years of age by her next friend against the Indian Refining Company, wherein it is alleged that said company is engaged in the manufacture and sale of petroleum, oil, kerosene, gasoline and other substances which are the products of petroleum, and that it owns and operates a filling station in the city of Wabash, Indiana.

It is alleged that one Audra Sloop sent this appellee to said filling station to purchase a quart of gasoline, and placed a glass jar of a quart capacity in the custody of said child in which to procure the gasoline from the ap-

pellant; that an agent and employee of the appellant took the jar, poured the gasoline therein, and handed it to the child, knowing that she was unfit and too young and small to be entrusted with said glass jar so filled with gasoline, and that said agent knew the hazard incident to carrying and holding said jar by said child, and the danger liable to result from her inability to hold and carry said glass jar; that he knew that said gasoline was a dangerous, destructive solvent and caustic substance; that he carelessly and negligently delivered and placed said glass jar in the custody of said child; that said child then attempted to carry said jar and gasoline therein to the house of said Audra Sloop; that the child fell down on some cement steps and struck the glass jar thereon; that the jar was broken by the fall, the child's right hand and wrist were cut, the tendons severed, the muscles of her hand and wrist were badly torn and lacerated, and the gasoline entered said wound and burned and cauterized the flesh of her wrist and hand and the muscles thereof. The complaint alleges that she has lost the total use of all the fingers of her hand, and has suffered great pain for several weeks, for which she demands judgment.

The case was tried before a jury, which rendered a verdict in favor of the appellee in the sum of $2,000. Judgment was rendered accordingly.

The questions raised by the appellant's assignment of error that we need to consider are error of the court in overruling the appellant's demurrer to the amended first paragraph of complaint, and the error of the court in overruling the appellant's motion for a new trial, which motion was upon the grounds that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

It is the contention of appellant that the complaint shows on its face that the proximate cause of the injury

complained of was the negligence of Audra Sloop in placing the glass jar in the hands of the child and sending her to obtain the gasoline.

Where an injury is caused by the concurrent negligence of two parties, the injured person may recover from either or both, and neither can successfully interpose as a defense the fact that the concurrent negligence of the other contributed to the injury. *Louisville, etc., Lighting Co.* v. *Hynes* (1910), 47 Ind. App. 507, 91 N. E. 962; *City of Logansport* v. *Smith* (1911), 47 Ind. App. 64, 93 N. E. 883; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *City of Gary* v. *Geisel* (1915), 59 Ind. App. 565, 108 N. E. 876.

Whether the act of placing a glass jar of the size alleged in the complaint filled with any kind of liquid, which the servant and agent knew was to be carried by the child up a flight of stone steps, was an act of negligence, was one of fact for the jury to determine.

A person who places in the hands of a child an article of a dangerous character and one likely to cause injury to the child is guilty of negligence, and is liable if such negligence is the proximate cause of the injury.

We are of the opinion that the complaint states a cause of action, and the court did not err in overruling the appellant's demurrer to the amended first paragraph of complaint. On the question of the action of the court in overruling the appellant's motion for a new trial, we are of the opinion that there is ample evidence to justify the jury in finding that the servant of appellant was negligent in placing a glass jar in the hands of the child in the way and manner alleged in the complaint.

The question is raised by the appellant as to whether the sloughing of the flesh was caused by the gasoline penetrating the wound in the child's wrist. One witness, the physician, who attended the child and dressed the wound, testified that it was his opinion that the gasoline caused the sloughing. A number of physicians testified that gasoline does not have a caustic effect, and would not cause sloughing of the flesh. This was a question of fact for the jury. It is certain that the condition in which the child's wrist was left was the direct result of the breaking of the jar. The jury believed that the placing of the jar filled with the liquid in the arms of so young a child was negligence, and, but for that negligence, the accident would not have occurred. It is certain that the cut was the proximate and efficient cause of the injury.

Judgment affirmed.